And our fifth case for argument this morning is Madero v. McGuinness, and we have lawyers for the plaintiff-appellant on the phone or on Zoom, I believe. Yes, Your Honor. Just one moment. We're going to wait for the change in the courtroom to occur. All right. I think we're ready to proceed. Go ahead, Mr. Sirianni. Thank you, Your Honor. May it please the Court, Robert Sirianni appearing on behalf of Mr. Madero. Your Honors, this case stems from a 1983 claim of action against Officer McGuinness where my client had requested damages for an unlawful arrest. In the case, there are several factors where the lower court erred in granting the summary judgment. The standard for this court is de novo, and we believe there are several factors we could cite to that indicate the grant of summary judgment was improper, and Officer McGuinness did not have probable cause to arrest my client, Mr. Madero. For example, in the appellee's brief, the appellee cites a code of the Illinois statutes under Section 720. In that section, the definition of aggravated battery says that it must be committed in a public way. In this case, there's testimony from both parties that says that my client was attacked inside his vehicle by one of the people that were present. Subsequently, my client was arrested for aggravated battery. We actually believe that the statute under Section 720 helps our case versus hurts it, because the battery that took place, if any striking did occur, occurred within the context of inside of Mr. Madero's vehicle. Therefore, it doesn't meet the definition of aggravated battery in a public manner or public place. In addition, my client says that the assailant had jumped into his vehicle, and there were other witnesses who testified that the assailant jumped into my client's vehicle, and that is where the actual alleged battery occurred, in which case Officer McGuinness does not have probable cause to arrest my client, and that creates an issue of fact for a jury to decide. The lower court should have allowed the case to proceed to a jury trial, just based on the discrepancies between the testimony of all these witnesses of where the alleged battery occurred. Officer McGuinness never saw where the battery occurred. He took the word of the witnesses, and in particular, he didn't interview all the witnesses, but he took the word of the main witness who was injured. What's wrong with that for a probable cause determination? You have to look at the totality of the circumstances, and he did interview the main witness, but the record is clear, and you've admitted that he relied on the accounts from the other witnesses that were relayed to him from the other officers at the scene. That seems perfectly appropriate in making a probable cause determination. Your Honor, that might be the case, but it's not appropriate for summary judgment standard. The trial court judge cannot weigh the credibility of one witness over the other. But it's not a weighing of the credibility. It's Officer McGuinness, what he knew at the time, looking at the totality of circumstances, whether or not there was probable cause. Yes, Your Honor. So under the Illinois statute, the aggravated battery must be committed in a public way. So Officer McGuinness never saw the battery, but what he understood was that there was some altercation inside the vehicle. I think the point is that my client doesn't meet the elements of an aggravated battery for a public vehicle. It doesn't make any difference as long as there was probable cause to arrest for battery, which there clearly was, based on what the officers could see, or what the officer could see in the injuries as well as the witness statements. Sure, but the main assailant in the case threatened to kill my client. He strangled my client inside of his vehicle, so my client has a right to defend himself. But the officer isn't required to evaluate potential defenses. If there's probable cause to arrest for battery based on witness statements, he doesn't have to do further investigation before effectuating an arrest. Certainly doesn't have to negate defenses. Yes, but under the totality of circumstances of what the officer used, he only used one witness statement. He didn't interview my client fully. He didn't speak enough with the other witnesses who said that the assailant jumped into the vehicle, which would have changed the outcome of the case and changed the outcome of who the actual aggressor was. Your client admitted in his deposition that he struck Mr. Philby in the face. Yes. In the face. Why isn't that sufficient? Because he was inside of his vehicle and he was attacked. And he was two other witnesses. Test had admitted that he was attacked inside of his car. He was under the Whitehead case. I said on page six of my reply brief. There wasn't enough probable cause in that case where a person was attacked on what's called a stoop. And at the apartment complex. So if if a person is attacked on a stoop at an apartment complex, that's not sufficient for aggravated battery because it's not inside the context of a public public way. There's there's no elements for for an actual aggravated battery in this situation. And my client was defending himself in all respects. And it had the officer conducted the investigation and talked to their witnesses. The officer would have found out that my client was defending himself. The initial aggressor was actually Philby. In this case, I'd like to reserve the rest of my time, if I could, for rebuttal. That's fine. Thank you. Mr. Flores. Good morning, Your Honors. Counsel may please the court. My name is Matthew Flores and I represent Rockford police officer Owen McGinnis. This court should affirm the district court's great a summary judgment for two reasons. First, probable cause existed for Daniel Madero's arrest. And second, Officer McGinnis is entitled to qualified immunity. As this court's aware, probable cause is not a high bar. It's viewed from the perspective of the officer based on the totality of the circumstances and exists when a man of reasonable caution believes that an offense has been committed. As this court's already acknowledged, once probable cause exists for any offense, it forecloses all liability for false arrest, even if that is not the offense that was identified at the scene. In looking at the offenses, you look at the applicable criminal statute. Here, the applicable criminal statute is Illinois' aggravated battery statute, which is the causing of bodily harm for making physical contact of an insulting or provoking nature with another person with an aggravating factor, here the aggravating factor being that it occurred on or about a public way. So I'd like to clarify some things that took place and what the record shows. And if you would address there, please, the arguments regarding this wasn't in a public way, that what the officer was told was it was in the vehicle, which is not a public way. That's the argument. If you would address that, please. I think that's a novel approach to distinguishing what is or what is not on or about a public way. Certainly the vehicle was on or about the public way when the battery occurred. Mr. Philby entered into the vehicle, and the battery took place inside the vehicle, which was on a public way. The case which plaintiff relies on, the Whitehead case, is not a case that looked at that specific aggravating factor. That was reviewing a place of public accommodation, not a case that looked at something taking place on or about a public way. And does that debate even make a difference here? No, because even if it didn't take place on or about a public way, by plaintiff's own admission he committed battery. And so probable cause for the battery still forecloses all liability for the false arrest. And we're also setting aside all the other traffic offenses and everything else and just focusing in on this one more narrow issue. The record also shows that McGinnis was dispatched to a hit-and-run crash where the subjects were fighting inside of a green Audi. Officer McGinnis shows up on the scene, sees the green Audi, and sees fighting inside the vehicle. And as Officer McGinnis gets out of his vehicle, Mr. Philby exits the Audi, which again is parked on the public way, with blood coming down his face. And so Officer McGinnis makes the observation, consistent with the fight that he just saw, that this injury has occurred. And Mr. Philby tells him, Mr. Madero is the one that did this to me. So for probable cause purposes, he had sufficient basis to arrest Daniel Madero at that point. However, the investigation continued, and all of the available witnesses were interviewed by other officers. There was two other officers conducting interviews, one of which interviewed Mr. Madero completely, and all those accounts were relayed to Officer McGinnis before any arrest was made. So in short, McGinnis' observations and Philby's report provided probable cause to arrest Madero for aggravated battery, and so this court should affirm the decision to grant summary judgment to Officer McGinnis. Madero raises some arguments in his brief, but none of them support reversing the district court's summary judgment order. First, there was an argument that Philby's statements alone do not provide probable cause for Daniel Madero's arrest. Not only is that an incorrect review of the record, Officer McGinnis saw fighting inside the vehicle, saw an injury that took place. There was witness statements consistent with the battery that occurred, specifically one witness identifying that Mr. Madero utilized a key as a weapon during the fight. But also, this court's precedent is clear that one credible witness can provide support for probable cause for an arrest. Next, Mr. Madero's brief argues that some factual disputes preclude summary judgment. This characterization of whether Philby climbed into or jumped into the vehicle is irrelevant. There is no dispute that both of the individuals were inside of this vehicle on the public way where the battery occurred. And finally, in Madero's reply brief for the first time, it's argued that discovery is incomplete in this case. That is also unsupported by the record. Mr. Madero was represented by counsel at the district court level. There were multiple requests for continuation of discovery. All of those requests were granted. There was no discovery extension request made that wasn't granted. And further, the brief doesn't tell us what facts would come about with additional discovery that could undermine the probable cause for his arrest, specifically in the face of his own admission that he struck Philby. Finally, I'd like to briefly talk about qualified immunity. Mr. Madero has not meaningfully engaged in qualified immunity with respect to the claims against Officer McGinnis. At the district court level, he's pointed to a general right to be free of an arrest on probable cause. However, the Supreme Court has cautioned us not to define clearly established law at such a high level of generality. Rather, it was Mr. Madero's obligation to identify a Supreme Court case directly on point that put Officer McGinnis on notice that Officer McGinnis had violated the clearly established right of Madero's by arresting him in the circumstances specifically presented or that Officer McGinnis' conduct was so egregious and unreasonable that despite there not being a case, no officer would have known she was acting lawfully. A failure to show either is fatal, and Madero here has not met his burden. This court could affirm on that basis alone. However, the record also supports that Officer McGinnis is entitled to qualified immunity because he acted reasonably. McGinnis made observations, obtained information from witnesses, and critically relayed all that information to a prosecutor for approval to charge the aggravated battery, which she did provide. As this court's aware, we want to encourage police officers to consult prosecutors at the valuable street against false arrest, and that's why it goes far to establish qualified immunity. The record in this case shows a probable cause to arrest Daniel Madero existed for aggravated battery or the alternative at a minimum battery. As a result, all of Madero's claims must fail. In addition, Officer McGinnis is entitled to qualified immunity. For these reasons, Officer McGinnis respectfully requests this court affirm the district court's grant of summary judgment in his favor. There are no further questions. Thank you. Thank you. Thank you. All right. Mr. Sirianni, you had reserved some time. Thank you, Your Honor. Just briefly, I want to address again the issue of the location of the actual battery in dispute. Under the section of the Illinois Code 720, the term public way is not expanded to batteries that take place in a private location, a private property. The vehicle is a private property. The issue is that Mr. Madero did strike Mr. Philby, but it was in his private property. And I think counsel's argument is that, well, it happened on a public street, but that's not where the battery took place. It was inside of the vehicle. And therefore, that does not warrant an arrest for aggravated battery if the actual touching took place in private property. And with that, I'd like to just rest on the briefs. And also the Whitehead case I set out on page 6 of my reply. All right. Thank you very much. Our thanks to all counsel. The case is taken under advisement.